# Wright, Appellant, *v.* City of Lancaster.

*Negligence—Municipalities—Street crossings—Uncovered gutter.*

It is not negligence for a city to maintain at a street crossing an uncovered gutter eight inches wide and six inches deep.

Argued May 21, 1902. Appeal, No. 148, Jan. T., 1902, by plaintiff, from judgment of C. P. Lancaster Co., Nov. T., 1898, No. 48, on verdict for defendant in case of James B. Wright *v.* City of Lancaster. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, J.

At the trial it appeared that on May 28, 1898, plaintiff was injured by falling while crossing a gutter at a street crossing in the city of Lancaster. The gutter was uncovered, and was about eight inches wide and six inches deep. The accident happened in the afternoon.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*B. F. Davis*, for appellant.

*Charles R. Kline* and *E. M. Gilbert*, for appellee, were not heard.

PER CURIAM, June 4, 1902:

No negligence on the part of the city was shown. Neither the gutter itself nor the approaches to it were shown to be out. of repair or good order. The only criticism made is that a gutter eight inches wide and six inches deep is in itself dangerous. In view of the fact that it is perhaps the commonest of all forms of street drainage and that there must be hundreds of just such gutters in every considerable city in the commonwealth, it would be unreasonable to allow a jury to say that it was so dangerous that its maintenance was negligence.

Whether there was negligence on the part of the plaintiff is immaterial. If he did not look where he was going, he was certainly negligent. If he did look then it was one of those unfortunate accidents that sometimes happen in spite of care. But in either view the city having done nothing negligent itself is in no way responsible for the result.

Judgment affirmed.